# REPORTS OF CASES

## ADJUDGED ANTERIOR TO JULY A. D. 1789.

HARTFORD COUNTY, SUPERIOR COURT, MARCH, A. D. 1764.

### WILLES v. PITKIN, SHERIFF.

*Money in the hands of an officer received and indorsed by him on an execution, not liable to be levied upon as the property of the creditor in the execution. Money paid upon an assigned debt is the property of the assignee.*

ACTION against the defendant for a false return upon an execution, made by Eleazer Steel, one of his deputies. Issue to the jury.

The facts in the case were — one Josiah Troop was indebted to James Chamberlain and assigned to him a note he had against Amos Fellows and went out of the country — Chamberlain recovers a judgment and execution on said note against Fellows, in Troop's name, and puts the execution into said Eleazer Steel's hands, to collect for him — The plaintiff knowing of this, gets an execution renewed, which he had against said Troop, and put it into the same officer's hands, and directed him to levy it upon the money he collected of Fellows, on Troop's execution; and when Fellows paid it, and the officer received and indorsed it on Troop's execution, the plaintiff was present and directed him to levy his execution

upon it, which the officer refused to do and returned said execution *non est inventus;* and for this the suit is brought.

Question of law referred to the court was, whether the money thus circumstanced, was liable to be taken on execution as the property of Josiah Troop?

By the COURT. The law is so upon the facts aforesaid that the money was not liable to be taken as the property of said Troop. For 1st, The money received and indorsed on the execution, by the officer, is his special property, for which he is liable to the person to whom it is due; and 2d, The general property is in the assignee, by force of the assignment, and not in the promisee.